(No. 13917.—Decree affirmed.)
JAMES M. FULLER, Appellee, *vs.* GEORGE E. BLACK, Appellant.

*Opinion filed June 22, 1921.*

1. WILLS—*a limitation over will be construed as a remainder rather than as an executory devise.* In determining whether a limitation over after the termination of a life estate created by will is a contingent remainder or an executory devise, it will be construed, if it can so operate, as a contingent remainder.

2. SAME—*when a devise creates contingent remainders which may be destroyed by deed.* A devise of a life estate to the testator's only child with remainder to the heirs of her body in fee, or in the event she should leave no such heirs surviving, then to an orphan's home to be organized by trustees to be appointed by the court, creates contingent remainders, and a deed by the daughter with the expressed intention of vesting in the grantee both the life estate and the reversion in fee will destroy the contingent remainders and vest the grantee with an absolute title in fee.

APPEAL from the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

P. M. MOORE, for appellant.

W. W. REEVES, and W. THOMAS COLEMAN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Douglas county granting the prayer of a bill filed by James M. Fuller, as complainant, against George E. Black, defendant, praying the specific performance of a contract entered into between complainant and defendant for the sale and conveyance of certain real estate. Complainant agreed with defendant to furnish an abstract showing good and merchantable title to the land within twenty days. The contract was entered into July 24, 1920. Defendant refused to comply with his agreement to pay for and accept a conveyance of the land on the ground that the abstract did not show a merchantable title in complainant.

Complainant acquired his title by deed of conveyance from Clementine B. Cooley on May 1, 1920. His grantor derived her title under the will of her father, Nicholas Cooley, who died testate March 24, 1915. The will was duly admitted to probate, and by the fourth clause the testator devised to his only daughter and heir the land in controversy, "to have and to hold the same to and for her own use and during her natural life only, with remainder at her death to the heirs of her body in fee simple. In case the said Clementine B. Cooley shall die leaving no heirs of her body her surviving," the will authorized and directed a court of record of Douglas county to appoint trustees, who were directed to proceed under the statutes of Illinois to organize and incorporate an institution to be known as the Cooley Orphans' Home Association, the title to the land to vest in the association. Clause 4 contains instructions as to how the testator desired the home managed and operated. The fifth clause of the will gave all the residue of the testator's estate, real and personal, to his daughter, Clementine. The testator was a widower, and Clementine, his only child and heir, was born December, 1870. She has never been married. After the estate had been duly administered and the executrix discharged Clementine sold and conveyed the land to complainant, who entered into possession thereof and subsequently entered into a written contract to convey the same to defendant, who was to be furnished with an abstract showing good merchantable title before he accepted the conveyance and paid the consideration.

Whether complainant's title was a merchantable one depends upon the construction and effect to be given the provisions of the will of Nicholas Cooley, to which we have referred. On the assumption of Clementine that the provisions made for heirs of her body who might survive her, and the provision that in the event no such heir or heirs survive her it would go to the Cooley Orphans' Home Association to be organized, were both contingent remainders,

she executed the deed to complainant for the purpose of vesting in the grantee her life estate and the reversion in fee, and thereby destroying the contingent remainders and vesting the grantee with an absolute title in fee. The deed sets out at length the fourth and fifth clauses of the will and recites in detail the purpose and intention of the grantor in making the conveyance to complainant.

Defendant contends that the devise to the Cooley Orphans' Home Association in the event of the death of Clementine without leaving heirs of her body surviving her is an executory devise and indestructible. Whether it is or not is the question presented for determination. If the limitation over to the Cooley Orphans' Home Association is an executory devise then complainant's title is not merchantable, but if it was a contingent remainder, it, as well as the contingent remainder to the heirs of Clementine's body if any survive her, was prematurely destroyed by the merger of the life estate and the reversion in fee by the conveyance to the complainant. This is recognized by the parties in their briefs and does not require the citation of authorities.

There are few subjects of the law upon which more learning has been expended than on future interests in real estate created by wills,—especially contingent remainders and executory devises. These subjects are treated in all text books on real property and in innumerable decisions of the courts of this country and Great Britain. We do not feel that it is required, even if we were capable of doing so,—which we believe we are not,—that we should attempt to add anything new on the subject. What we are called upon to decide is whether the limitation over to the trustees of the orphans' home is an executory devise or a contingent remainder. One rule for construction in determining whether a limitation over in a will is an executory devise or contingent remainder is, that if it can so operate it should be construed as a remainder. (1 Tiffany on

298—23

Real Prop. 564; 4 Kent's Com. 264.) The author says (1 Tiffany on Real Prop. 510,) several estates in fee simple, or of a less quantum, may be limited in the alternative by way of contingent remainder after one particular estate, so that one may take effect if the other does not. Such remainders are alternative or substitutional. Lord Kenyon in *Doe* v. *Morgan,* 3 T. R. 763, stated the rule laid down by Lord Hale that "where a contingency was limited to depend on an estate of freehold which was capable of supporting a remainder, it should never be construed to be an executory devise but a contingent remainder." It would, perhaps, not be strictly accurate to say the remainders created by the will were alternative contingent remainders, as the fee might not immediately vest in the orphans' home on the death of Clementine without heirs of her body surviving her. In that event the orphans' home, when organized, was substituted to take the remainder in fee, which it would do when incorporated, and clearly its interest under the will was a contingent remainder. It was held in *Rutledge* v. *Fishburn,* 66 S. C. 155, (97 A. S. R. 757,) that remainders alternative or substitutional in their nature are always contingent remainders.

Under the authorities it seems clear the devise to the heirs of Clementine's body if any such survived her, and to the trustees of the orphans' home if none survived her, were alternative contingent remainders; and this is supported by the authorities generally and by many decisions of this court, among which may be cited *Gray* v. *Shinn,* 293 Ill. 573, *Smith* v. *Chester,* 272 id. 428, *Messer* v. *Baldwin,* 262 id. 48, *Stevens* v. *VanBrocklin,* 295 id. 434, and *Brinkerhoff* v. *Butler,* 296 id. 368.

The circuit court correctly found the complainant had a merchantable title and decreed specific performance of the contract.

The decree is affirmed.

*Decree affirmed.*