(No. 15696.—Decree affirmed.)
DANIEL ORTGIESEN, Appellant, *vs.* ABE ACKERMAN *et al.*
Appellees.

*Opinion filed February 19, 1924—Rehearing denied April 3, 1924.*

1. WILLS—*general rule as to when remainder is vested.* A remainder which is devised to persons who are in being and ascertained, and which is to take effect, by words of express limitation, on the termination of a life estate, is a vested remainder and will descend to heirs.

2. SAME—*what determines whether remainder is vested or contingent.* It is not the uncertainty of enjoyment which makes a remainder contingent but it is the uncertainty of ever having a right to enjoy the estate, and the remainder is vested if throughout the continuance of the life estate the remainder-man or his heirs will have a right to the immediate possession whenever and however the preceding estate may terminate.

3. SAME—*a vested remainder may be divested upon condition subsequent.* If, after giving and devising a vested interest, a clause is added divesting it upon condition subsequent and no conditional limitation is incorporated in the description of or gift to the remainder-man the remainder is vested, as where the remainder is given to the children of the life tenant with a provision that if

any of the children die without issue the children surviving at the death of the testator shall take the share of the deceased child or children.

4. SAME—*general rule as to when remainder is contingent.* If a condition is incorporated into the description of or into the gift to remainder-men, as where the remainder goes to one class upon a contingency and upon a certain contingency to another class, or where the remainder is given to such children as survive the life tenant, the remainder is contingent, as the persons to take cannot be ascertained until the happening of the contingency or the termination of the life estate.

5. SAME—*when a will creates alternate contingent remainders.* A devise of a life estate with remainder to the heirs of the body of the life tenant, and in default of such heirs living at the time of her death then to her brothers and sisters, creates alternate contingent remainders.

APPEAL from the Circuit Court of Lee county; the Hon. O. E. HEARD, Judge, presiding.

H. A. BROOKS, for appellant.

HENRY C. WARNER, RECTOR C. HITT, and T. E. WHITE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Lee county sustained demurrers of the appellees to the bill of appellant filed for partition of 205 acres of land, in which he claimed an undivided one-eighteenth part as an heir-at-law of his deceased wife, Gertrude, and dismissed the bill for want of equity.

The facts alleged in the bill and confessed by the demurrers, under which the complainant claimed an interest in the land, were as follows:

Wallace Seybert made his will containing the following devise:

"*Sixth*—I hereby give and devise unto my said daughter, Mahala C. Hill, for and during her natural life only, the following described property, [here follows a descrip-

tion of the lands,] to have, hold, possess and enjoy the same and the rents, issues and profits thereof for and during the full term of the natural life of her, the said Mahala C. Hill, (subject to the charges thereon hereinafter made;) and after the death of her, the said Mahala C. Hill, (subject to the charges aforesaid,) I hereby give and devise the same unto the heirs of the body of her, the said Mahala C. Hill, and in default of heirs of the body of the said Mahala C. Hill living at the time of the death of the said Mahala C. Hill, I give and devise the same to the brothers and sisters of her, the said Mahala C. Hill, and to their heirs and assigns, in fee simple forever."

By subsequent clauses of the will and a codicil there were charges against the lands devised, to be paid by the life tenant. Wallace Seybert died on May 12, 1894, and his will was admitted to probate. Mahala C. Hill was then living and had nine living children, including Gertrude Hill, Dora Bush and Cora March. Gertrude was afterward married to the complainant, Daniel Ortgiesen, and she died in January, 1906, not leaving any child or descendants and leaving the complainant heir to one-half her real estate. Dora Bush and Cora March also died in the lifetime of Mahala C. Hill, who died on May 10, 1914, leaving surviving her as heirs-at-law six children, who, together with the surviving children of Dora Bush and Cora March, executed a deed of the lands on January 6, 1915, to Charles Bollivar, and Charles Bollivar and wife afterward executed a deed to the land to Abe Ackerman, one of the defendants.

The complainant based his right to partition on the fact that he was an heir-at-law of his deceased wife and upon such construction of the will of Wallace Seybert as would give to the children of Mahala C. Hill living when the will took effect, a vested title in fee to the remainder, which in case of death would descend to heirs-at-law. The law is, that if a remainder after a life estate is devised to persons who are in being and ascertained, and is to take effect, by

words of express limitation, on the termination of the preceding particular estate, it will be a vested remainder and descend to heirs. It is not the uncertainty of enjoyment which makes a remainder contingent, but it is the uncertainty of ever having a right to enjoy the estate, and if throughout the continuance of a life estate a remainder-man or his heirs will have a right to the immediate possession whenever and however the preceding estate may terminate, the remainder is vested. If, after giving and devising a vested interest, a clause is added divesting it upon condition subsequent and no conditional limitation is incorporated into the description of or gift to the remainder-man, the remainder is vested. An illustration of such a remainder is found in *Lachenmyer* v. *Gehlbach,* 266 Ill. 11, where the testator devised a life estate to his widow with remainder to his children, share and share alike, and if any of the children should die, the children of such child, if any, surviving the deceased child should take the share of the parent, and if any children should die leaving no issue, the share of such deceased child was to be equally divided among the surviving children. If a devise is by its terms to a person for life with remainder to his children, with provision that if any of the children die without issue the children surviving at the death of the testator shall take the share of such deceased children, the remainder is vested. (*Smith* v. *Chester,* 272 Ill. 428.) If, however, the conditional element is incorporated into the description of or into the gift to the remainder-men, as where a devise of the remainder is to such children as survive the life tenant, the remainder is contingent. If the persons to take the remainder are to be ascertained at the termination of the life estate the remainder is contingent. Where there is a devise of a remainder to one class upon a contingency and upon a certain contingency to another class the remainder is contingent. (*Furnish* v. *Rogers,* 154 Ill. 569.) A devise of land to the testator's daughter with remainder to her sur-

viving lineal descendants, and if she should die without surviving lineal descendants then to the testator's surviving children, created a contingent remainder with limitations running concurrently, and no title vested in any of the remainder-men until the termination of the life estate. (*Hill* v. *Sangamon Loan and Trust Co.* 295 Ill. 619.) A devise of a life estate to the testator's only child and remainder to the heirs of her body in fee, or in the event she should leave no such heirs surviving then to an orphans' home, was a devise of a contingent remainder. (*Fuller* v. *Black*, 298 Ill. 351.) A devise to a life tenant with remainder to the heirs of her body, should she have any, with a provision that if she had no heirs of her body at the time of her death the property should go to her sister, created alternate contingent remainders. *Fisher* v. *Easton*, 299 Ill. 293.

By his will Wallace Seybert devised a life estate in the lands to his daughter, Mahala C. Hill, with remainder to the heirs of her body, or in default of such heirs of her body living at the time of her death the remainder was devised to her brothers and sisters in fee. The intention manifested by the language employed was to limit the remainder to the issue of Mahala living at the date of her death, and if there were none, then to her brothers and sisters in fee. There was no present devise to the heirs of the body of Mahala with a condition subsequent upon which the remainder might be divested, but the condition was incorporated in the description of the remainder-men and the gift to them. It could not be determined until the death of Mahala whether there would be any surviving heirs of her body to take the remainder, and if there were none, the remainder was devised to her brothers and sisters. The will created alternate contingent remainders, and Gertrude Hill Ortgiesen having died before the remainder vested, the bill did not show any title in the complainant.

The decree is affirmed.

*Decree affirmed.*