THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS *et al.* Appellees, *vs.* MAY O. PORTER *et al.*—(THOMAS PORTER *et al.* Appellants.

*Opinion filed October 22, 1927.*

1. EMINENT DOMAIN—*money may be held by the court pending final determination of title.* In a condemnation proceeding the compensation paid represents the land taken by condemnation, and where there is a dispute as to the title because of the ambiguous wording of a deed, and all parties interested are represented, the court may order the petitioner to take the land upon payment of the compensation, which may be held by the court pending the final determination of the title; and where the deed creates a life estate with contingent remainders the life tenant's share may be determined and paid and the balance held until the death of the life tenant, when the shares of the remaindermen can be determined.

2. DEEDS—*subsequent provision restraining alienation is void.* The estate granted by the granting clause in a deed cannot, by subsequent recitals in the deed that are not a part of the granting clause, be cut down, amended, modified, restricted or nullified; and a restraint on alienation of a life estate or remainder in fee given in the granting clause, although for a limited time, is repugnant to the grant of the life estate or the fee and is void as against public policy.

3. SAME—*what determines whether condition is precedent or subsequent.* Where it is doubtful from the language used in a deed whether a condition is precedent or subsequent the intention controls even though the grantor has used the words "conditions precedent," and in determining the intention the court may consider the circumstances connected with the transaction and also the situation of the parties.

4. SAME—*general rule as to when condition is precedent and when subsequent.* If the language of the particular clause or of the whole instrument shows that the act upon which the estate depends must be performed before the estate vests the condition is precedent, but if the act does not necessarily precede the vesting of the estate but may accompany or follow it the condition is subsequent. .

5. SAME—*when deed creates conditions subsequent.* Although the granting clause of a deed recites that it is "subject, however, and nevertheless burdened with an absolute defeasance of all of the hereinafter mentioned conditions precedent to the vesting of the title," and it is subsequently recited that the "conditions precedent to the vesting of the title" are that the grantees shall make an annual payment of a certain sum to the grantors for life and shall keep the taxes and assessments paid, the conditions are nevertheless conditions subsequent where it is further recited that "upon the failure to keep and perform the said conditions precedent the said title of said real estate shall revert back to the said grantors."

6. SAME—*when deed creates contingent remainder.* The grant of a life estate with "remainder in fee to the children of her [the life tenant's] body surviving her" creates a contingent remainder, as it cannot be determined until the life tenant's death what persons will take the remainder.

7. TRUSTS—*what necessary to create trust by deed or will.* To create a trust by deed or will the grantor or testator must fully indicate such intention by using language sufficient to sever the legal from the equitable estate and must with certainty identify the beneficiary and the property out of which the trust is to take effect, and the mere use of the word "trust" in a will or deed is not conclusive on the question whether or not a trust is created.

8. SAME—*what does not create a trust.* The gift or grant of an estate upon condition or charged with some burden, such as the payment of a legacy or charge on the property, does not create a trust.

APPEAL from the County Court of Macon county; the Hon. JOHN H. MCCOY, Judge, presiding.

GEORGE B. RHOADS, and S. S. CLAPPER, for appellants.

JOHN J. HOGAN, guardian *ad litem,* for minor appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Department of Public Works and Buildings of the State of Illinois filed a petition in the county court of Macon county in vacation, seeking to obtain by eminent domain a right of way across certain land the title to which is involved in this appeal, to construct Route 2 of the Illinois durable hard road system. May O. Porter and forty-four other persons, being the children and grand-children of Ezekiel Prescott, and their spouses, were made defendants to the petition. The land sought to be con-demned had formerly been owned by Prescott. On March 8, 1902, Prescott, and Mary, his wife, executed a deed to the land over which the condemned roadway runs, which was recorded in Macon county March 27, 1902. The deed, omitting the date, signatures and seals, is in this language:

*"This indenture witnesseth,* that the grantors, Ezekiel Prescott and Mary E. Prescott, his wife, of Shelby county, and State of Illinois, for and in consideration of the natural love and affection and the sum of one dollar in hand paid, subject, however, and nevertheless burdened with an absolute defeasance of all of the hereinafter mentioned conditions precedent to the vesting of the title to the hereinafter described real estate, convey and grant to May O. Porter, our daughter, also of Shelby county, Illinois, a life estate for and during her natural life and upon the death of our said daughter then the remainder in fee to the children of her body surviving her the following described real estate, to-wit: The east one-half of the southwest one-quarter and all of that part of the west one-half of the southwest one-quarter lying east of the right of way of the Illinois Central railroad, all in sec-tion 17, township 14 north, range 2 east of the 3d P. M., situated in the county of Macon, State of Illinois, the conditions precedent to the vesting of the title of said premises are the following:

*"First*—That the said grantee and in case of her death then that the children of her body surviving her shall annually on the first of March beginning with the year 1903 pay the sum of $225 to the grantors and in case of death of either of them, then to the survivor of them for and during the natural life of the grantors and the survivor of them, second, that the said grantee, and in case of her death then the children of her body surviving her shall promptly pay when due for and during the period mentioned

in the following paragraph all taxes and special assessments upon the said land and keep the said property insured and in good repair.

"*Third*—That the said grantee while living and the children of her body surviving her after her death for and during the entire period of time beginning with the date of this deed and continuing and end at the death of that child of the body of said grantee now living which shall last survive shall in no wise attempt to convey nor encumber the title of the above described real estate and shall also well and truly keep and perform all the other conditions precedent herein contained then the title of said premises shall vest absolutely until the full expiration of said period of time and until the faithful performance of all of said conditions precedent. This conveyance shall be in the nature 'of' a trust estate and be contingent upon the performance of said conditions and upon the failure to keep and perform the said conditions precedent, the said title of said real estate shall revert back to the said grantors while living and if dead to such of their heirs-at-law as shall well and truly keep and perform like conditions contained in other deeds executed by 'the' grantors to such other heirs. All erasures and interlineations were made before signing."

As the construction of the foregoing deed was admittedly difficult, by consent of the parties its construction was withheld until after the money awarded in the condemnation proceeding was paid into court and the possession of the land condemned was taken by the Department of Public Works. The jury, upon a hearing, found that the value of the land taken was $746 and the damages to the land not taken $200, or a total of $946. May O. Porter, who it is admitted had a life estate in the land, received $540.51 of the amount of damages obtained and paid into court, the same being the value of her life estate as found by the court. Thereupon the court entered an order that all persons claiming any interest in the remaining $405.49 of the damages file petitions in the county court setting up the ground upon which they based their claim to the remainder of the damages awarded and accumulations thereon. Thomas Porter and Mara E. Metcalf, the children of May O. Porter, filed a petition in the county court claiming that under the deed they had a vested defeasible

remainder in the land mentioned in the deed and were entitled to take in equal shares the remainder of the money obtained under the eminent domain proceeding on giving proper bond against the defeasance of their vested remainder. The petition sets forth the following facts: Petitioners are the only living children of May O. Porter, and that Mrs. Porter never had a child who died leaving children or descendants of children. The deed was delivered shortly after its date and Mrs. Porter took immediate possession of the land described in the deed and paid $225 a year to the grantors, and the survivor of them, until their death. At the date of the delivery of the deed the heirs apparent of Ezekiel and Mary E. Prescott were Mrs. Porter, Louisa Simpson and Agnes Rettig, daughters; John A. Prescott, a son; and Flora Reighley, May Reighley and Ezekiel Reighley, grandchildren, children of a deceased daughter, Lena Reighley. Mrs. Porter is married, her husband being Dudley Porter, and her children are Thomas Porter and Mara E. Metcalf, who were living at the time the deed was delivered. Thomas Porter is married, his wife being Marjorie, and he has two children, Winifred and Dudley T. Mara E. Metcalf is married, her husband being Guy Metcalf, and they have two children, Virginia and Charles W. The petition recites the names of all of the descendants of Ezekiel and Mary E. Prescott, and of their spouses, and it is therein stated that the list contains every person in any way connected with the title to the land and all persons who might by any possibility be referred to by the words in the deed, and that Ezekiel and Mary E. Prescott are both dead. A copy of the three deeds referred to in the foregoing deed are attached and made a part of the petition, and the four deeds contain the same provisions but convey different land. Mrs. Porter also paid the taxes from the time the deed was made until the land was condemned by the Department of Public Works. John J. Hogan was appointed guardian *ad litem*

for a number of minor defendants and as such guardian *ad litem* filed a demurrer to the petition of Thomas Porter and Mara E. Metcalf. The court sustained the demurrer and the petitioners elected to stand by their petition. The county court held that the conditions recited in the deed as conditions precedent were conditions subsequent; that the clause in the deed restraining the alienation of the land was void; that the construction of the deed was so doubtful and uncertain that it was not possible to ascertain who was entitled to the residue of the money until after the death of Mrs. Porter, and ordered that the remainder of the money be impounded and loaned until the death of Mrs. Porter or until the further order of the court. Thomas Porter and Mara E. Metcalf excepted to the last finding and order of the court and have perfected this appeal.

Appellants and appellees are agreed that the conditions mentioned in the deed are conditions subsequent and not conditions precedent; that the clause prohibiting conveyances or incumbrances of the estate of the grantee is void because an attempted restraint on alienation; that the attempt of the grantors in the deed to create a trust failed, and that May O. Porter by the deed in question was vested with a life estate for and during her natural life. It is not questioned that the court properly and legally determined that Mrs. Porter was entitled to the amount of $540.51 of the money awarded as damages in the condemnation proceedings. It is contended by appellants that they were granted a vested remainder in fee simple by the provisions of the deed, subject to defeasance if either of them die previous to the death of Mrs. Porter; that if either of them die leaving children, those children will take their parent's share under the deed; that if either of appellants die before Mrs. Porter leaving no children, the other appellant, or in case of his death his descendants, will take the entire remainder; that if Mrs. Porter has any

327—3

other children born to her, the remainder will open up to permit the subsequent child or children to share in the vested remainder of appellants, and in case both appellants and any subsequent child or children born to Mrs. Porter should all die leaving no descendants, then the remainder would go back to the heirs of Ezekiel Prescott living at the time the deed was made. Appellants also contend that they are now entitled to possess and enjoy the $405.49 on giving proper bond against the defeasance of their vested remainder. Appellees contend that the remainders in appellants are contingent and that the reversion is in the heirs-at-law of the grantors in the deed.

It was permissible for the parties to agree that the money awarded in the condemnation proceeding be paid into court, as was done in this case, and it was proper practice for the court to determine, after the condemnation proceeding was concluded and the money paid into court, who were entitled to the funds and what disposition should be made of the same. The money paid into the court represents the land taken by condemnation. *City of Chicago* v. *Gage,* 268 Ill. 232.

The provision in the deed providing against the conveyance or incumbrance of the land is a void restraint on alienation. The granting clause of the deed gives a life estate to May O. Porter and on her death the remainder in fee simple to the children of her body surviving her. The rule is well settled in this State that the estate granted by the granting clause in a deed cannot, by subsequent recitals in the deed that are not a part of the granting clause, be cut down, amended, modified, restricted or nullified. A restraint on alienation, although for a limited time, is repugnant to the grant of the life estate or the fee in the land and is void as against public policy. (*Gray* v. *Shinn,* 293 Ill. 573; *Davis* v. *Hutchinson,* 282 id. 523; *McFadden* v. *McFadden,* 302 id. 504.) It is clear from the provisions of the deed that it attempts to restrain alienation

by the life tenant, and also by the remainderman or re-
maindermen after the death of the life tenant and the vest-
ing of such remainder or remainders.

The deed provides that the grantee, and upon her death
the children of her body surviving her, shall annually on
the first of March, beginning with the year 1903, pay the
sum of $225 to the grantors, and in case of the death of
either of the grantors, then to the survivor of them, for
and during the natural lives of the grantors and the sur-
vivor of them, and shall also pay all taxes and special as-
sessments and keep the property insured and in good repair
from the date of the deed and continuing to the death of
that child of the body of the grantee, Mrs. Porter, which
shall last survive.  The deed specifically states that the per-
formance of said conditions shall be conditions precedent
to the vesting of the title of the premises.  Appellants and
appellees are both agreed that the court properly held those
conditions to be subsequent and not precedent.  From an
examination of the entire deed it is clear that the grantors
did not intend thereby to make the performance of the con-
ditions precedent to the vesting of the estate in the grantee.
A condition precedent in a deed must be performed before
the title vests.  None of the conditions in this deed are of
that character.  When there is a doubt in regard to the
meaning of words implying a condition, courts do not con-
strue them as precedent.  The words "conditions precedent"
used in a deed by the grantor do not necessarily make the
conditions precedent.  (*Phillips* v. *Gannon, 246* Ill. 98.)
Whether a condition in a deed is precedent or subsequent
is a question of intention and not of phrase or form.  If
the language of the particular clause or of the whole in-
strument shows that the act upon which the estate depends
must be performed before the estate vests the condition is
precedent, but if, on the contrary, the act does not neces-
sarily precede the vesting of the estate but may accompany
or follow it the condition is subsequent.  If it is doubtful

from the language used in a deed whether a condition is precedent or subsequent, the court may consider the circumstances connected with the transaction, and also the situation of the parties, in arriving at the intention. (*Nowak* v. *Dombrowski,* 267 Ill. 103.) One fact to be considered in this case is that the grantee, Mrs. Porter, was given the immediate possession of the land described in the deed, and she has remained in possession thereof ever since that time and has completely complied with the condition with reference to the payment of the $225. The provision in the latter part of the deed that upon the failure to keep and perform the conditions precedent the title of the real estate shall revert back to the grantors while living, and if dead to such of their heirs-at-law as shall well and truly keep and perform like conditions contained in other deeds executed by the grantors to such other heirs, and, in fact, every provision of the deed when considered with the other parts thereof, shows that the conditions in the deed are conditions subsequent.

All taxes have been paid on the land up to the time it was condemned and taken by the condemnation proceedings. The record shows that all conditions have been performed with reference to the strip of land now in question—the strip taken for public road purposes. The grantee, May O. Porter, is clearly entitled to a life estate in this strip and to the amount of money which was paid to her by order of the county court, and the court made the proper order with reference to the remaining funds. It is also proper that the final determination of the question who will be the proper owners of the remaining funds and their accumulations should be postponed until the death of Mrs. Porter. Only the funds and their accumulations are in litigation in this suit, and we are not disposed to make any decision that might, by way of estoppel or otherwise, be binding as to the entire land deeded by the foregoing deed, when the entire question as to all the land in the deed

and as to the residue of the money and its accumulations may be easily and correctly decided after the death of the life tenant, and the real parties in interest may be fully heard on those questions if litigation be necessary.

Both appellants and appellees agree that the attempt to create a trust by the deed was ineffectual, and the court's ruling on that question cannot be seriously questioned. To create a trust by deed or by will the testator must fully indicate such intention by using language sufficient to sever the legal from the equitable estate and must with certainty identify the beneficiary and the property out of which the trust is to take effect. The gift or grant of an estate upon condition or charged with some burden, such as the payment of a legacy or charge on the property, does not create a trust, and the mere use of the word "trust" in a will or a deed is not conclusive of the question whether or not a trust is created. *Randolph* v. *Wilkinson,* 294 Ill. 508; *Orr* v. *Yates,* 209 id. 222.

The real question in dispute by appellants and appellees is the character of the remainder to the children of the body of the life tenant. All the provisions in the third (or last) paragraph of the deed are void and of no force except the last part of the paragraph, providing that upon failure to keep and perform the conditions precedent the title of the real estate shall revert back to the grantors while living, etc., and require no further consideration. The grant in the deed is to May O. Porter for and during her natural life, and upon her death the remainder in fee is to go to the children of her body surviving her, subject to the valid conditions subsequent heretofore mentioned. This court has often held that under a provision in a deed or will that those persons designated to take the remainder must survive the life tenant, the surviving of the life tenant is an explicit condition precedent to the vesting of the remainder. The rule is stated in the case of *Northern Trust Co.* v. *Wheaton,* 249 Ill. 606, and that rule is, that if there is an

uncertainty as to the person or persons who are to receive the remainder, or in the gift itself to the remainderman or remaindermen, the remainder is contingent. In the deed in this case the surviving of the life tenant by the children of her body is an expressed condition precedent to the vesting of the remainder in the children of the body of the life tenant. Only those persons of the class that are living at the death of Mrs. Porter can take the remainder. Until the death of Mrs. Porter those persons cannot be determined and the remainder is contingent. It is to dubious and uncertain persons, and such persons will remain undetermined until the death of Mrs. Porter.

The argument of appellants that the word "heirs" was intended rather than "children" of the body of May O. Porter is of no controlling force. If we construe the word "children" as "heirs of the body," the remainder would be contingent for the reason that the "heirs" of the body of Mrs. Porter who survive her could not be determined until her death. The holding that the remainder to appellants is contingent is supported by *Hill* v. *Hill,* 264 Ill. 219, *Spengler* v. *Kuhn,* 212 id. 186, *Cummings* v. *Hamilton,* 220 id. 480, *Brewick* v. *Anderson,* 267 id. 169, *Brechbeller* v. *Wilson,* 228 id. 502, *Fisher* v. *Easton,* 299 id. 293, *Ortgiesen* v. *Ackerman,* 311 id. 492, and *Biwer* v. *Martin,* 294 id. 488. See, also, Kales on Estates and Future Interests, (2d ed.) secs. 345-357.

For the reasons already stated we decline to make any further decision or interpretation of the provisions of this deed.

The county court did not err in holding that the remainder is contingent, and its order and judgment are affirmed.

*Judgment affirmed.*