(No. 18887. )

DELIA RYAN, Appellee, *vs.* HELEN RYAN BESHK *et al.* Appellants.

*Opinion filed February 21, 1930—Rehearing denied April 2, 1930.*

FARMER, C. J., dissenting.

John M. Humphrey, and John Alden Ryan, for appellants.

George C. Otto, for appellee.

Mr. Commissioner Edmunds reported this opinion:

On November 2, 1927, Delia Ryan filed an amended and supplemental bill to construe the will of her deceased husband, Edward J. Ryan. The case is here on appeal by certain parties whose claims to testamentary interest by way of remainder were not sustained by the resulting decree.

In the first paragraph of the will, which was probated on June 18, 1917, the testator directed his executrix, Delia Ryan, (complainant below and appellee here,) to pay his just debts and funeral expenses. In the second paragraph the testator devised to Delia Ryan "during the term of her natural life, providing she shall not marry again," certain premises therein legally described and stated to be otherwise known as 5057 West Chicago avenue, Chicago, Cook county, Illinois. In the third paragraph the testator directed his executrix, Delia Ryan, to reduce to $2000 a $4000 incumbrance on the premises at 5057 West Chicago avenue, provided that if there should not be sufficient funds on hand to make this reduction then the indebtedness should be extended for a sufficient period of time so that the rents and profits could cut down the incumbrance to that extent. The fourth paragraph was as follows: "Upon the death or marriage of my beloved wife, Delia Ryan, I hereby give, devise and bequeath to my brother James P. Ryan, my brother Michael T. Ryan and my sister Margaret Byrne, and my niece Helen Ryan, daughter of Daniel Ryan, deceased brother, if they be living at the death or marriage of my wife, or in the event of the death of all or any of said persons mentioned I give and bequeath his or her part or share intended for him or her who has died before the death or marriage of my said wife, Delia Ryan, to his or

her executor or administrator to be applied by such as if the same had formed part of the estate of such person or legatee at his or her decease, the following described property, to-wit, [describing the property known as 5057 West Chicago avenue,] together with all buildings and appurtenances and hereditaments thereto appertaining to be held by them, their heirs and assigns, executors and administrators forever, share and share alike." The fifth paragraph was as follows: "To my wife, Delia Ryan, in addition to whatever I may have given or may hereafter give to her in my lifetime I give, devise and bequeath all the rest, residue and remainder of my estate and property, both real, personal and mixed, not heretofore otherwise disposed of." In the sixth paragraph the testator made certain provisions for the above mentioned James P. Ryan, Michael T. Ryan, Margaret Byrne and Helen Ryan, or their executors or administrators, in the event that Delia Ryan should predecease the testator, and stated that any provision made for Delia Ryan by the will was in lieu of dower or widow's award. In the last paragraph of the will the testator named Delia Ryan executrix thereof, without bond.

The decree entered, after hearing by the chancellor, finds, among other things, that the will was duly probated and the estate duly administered; that Delia Ryan was duly discharged as executrix on September 28, 1918; that she has not re-married; that Michael T. Ryan, James P. Ryan, Margaret Byrne and Helen Ryan survived the testator; that Michael T. Ryan died testate on January 22, 1923, and that his will was probated in Dubuque county, Iowa; that Margaret Byrne died intestate on April 22, 1923, leaving sons and daughters her surviving; that Helen Ryan has intermarried with Frank Beshk; that Delia Ryan paid $2000 to apply on the indebtedness described in the will; that there is a controversy as to the construction of the will and that judicial construction thereof is necessary; and that the court has jurisdiction of the subject matter and

necessary parties. The decree then sets forth as the true construction of the will that it devises to Delia Ryan for life, provided she does not re-marry, the premises at 5057 West Chicago avenue, and directs her to reduce the $4000 indebtedness to $2000 out of the rest of the testator's property or out of the rents and profits of said premises; that it devises the remainder of the premises "in fourths, one-fourth to said James P. Ryan, if he is living at the time of the re-marriage or death of said Delia Ryan; one-fourth to said Michael T. Ryan, if he is living at the time of the re-marriage or death of said Delia Ryan; one-fourth to said Margaret Byrne, if she is living at the time of the re-marriage or death of said Delia Ryan; and one-fourth to said Helen Ryan, if she is living at the time of the re-marriage or death of said Delia Ryan; and begins provisions for the devise of each of said fourths of said remainder in trust, to be effective as to each fourth of said remainder upon failure of the contingency upon which that fourth is first devised as aforesaid, but said testator neither names nor indicates in his said will any beneficiary of any such fourth so devised in trust, further than to say that in each such case that fourth shall be applied by the trustee thereof as if it had been part of the estate of that contingent remainderman at the time of that contingent remainderman's death, and that said testator gives, devises and bequeaths all of the rest, residue and remainder of his estate and property to the said Delia Ryan." The decree continues: "And it is therefore ordered, adjudged and decreed by the court that each and every of the said four attempted devises in trust is void for uncertainty as to the beneficiary or beneficiaries of such devise in trust, and, further, that each and every of said attempted devises in trust is in conflict with the rule against perpetuities, and therefore is void for remoteness." The decree then provides that upon the death of Michael T. Ryan and Margaret Byrne their interests became the property of Delia Ryan under the residuary

clause of the will, and that if James P. Ryan or Helen Ryan Beshk die before Delia Ryan re-marries or dies, their interests will likewise pass to Delia Ryan under the residuary clause. As to the $2000 indebtedness yet remaining on the premises, the decree orders it to be paid "by all of those persons who acquire any interest" in the premises under the will and in direct proportion to the interests thus acquired.

Appellants assert that the intention and plan of the testator as shown by the will was to devise vested remainders in fee to the four parties named as devisees in paragraph 4, subject to a life estate in Delia Ryan, terminable upon her marriage. If this position be well taken, the decree is, of course, improper.

It was appropriately said in *Golladay* v. *Knock*, 235 Ill. 412, that "while the difference between a vested and a contingent remainder is clear enough under the definitions as given by the authorities, still it is not always an easy matter to determine whether a particular instrument creates a vested or a contingent remainder." Such determination is, in any case, facilitated by having in mind the basic difference between these two classes of remainders and the general rule which governs their creation.

It is pointed out in Kales' Estates and Future Interests that before the year 1430 contingent remainders were wholly void because of the possibility that there would be a gap in the seizin between the termination of the particular estate and the taking effect in possession of the future interest. It was ultimately perceived, however, that if the event upon which contingent future interests were limited was to happen before or at the termination of the particular estate, such interest would take effect in a manner unobjectionable under the feudal system of land laws, and from this time on such future interests were allowed to take effect, provided they did so in this unobjectionable manner. This was the beginning of the contingent remainder. The author goes on to say: "The feudal law

singled out remainders which throughout their continuance stood ready at all times to take effect in possession whenever and however the preceding estate came to an end, as unobjectionable because there was no possibility of a gap. Remainders having these essential characteristics were called 'vested.' A vested remainder is, therefore, very properly defined by Professor Gray as follows: 'A remainder is vested in A when throughout its continuance A, or A and his heirs, have the right to the immediate possession, whenever and however the preceding estates may determine.' On the other hand, a remainder limited to take effect in possession upon an event which may not happen till after the termination of the particular estate presents the possibility of a gap. Remainders having this essential characteristic are properly called contingent remainders. A contingent remainder is thus perfectly defined by Butler: 'All contingent remainders appear to be so far reducible under one head that they depend for their vesting on the happening of an event which by possibility may not happen during the continuance of the preceding estate or at the instant of its determination.' " (Kales on Estates and Future Interests, secs. 28, 29.) Definitions expressive of the same principles may be found in many opinions of this court. *Nicol* v. *Morton,* 332 Ill. 533; *Jones* v. *Miller,* 283 id. 348; *Northern Trust Co.* v. *Wheaton,* 249 id. 606; *Pingrey* v. *Rulon,* 246 id. 109; *Golladay* v. *Knock, supra; Brownback* v. *Keister,* 200 Ill. 544; *City of Peoria* v. *Darst,* 101 id. 609.

The remainders in the present case were created by paragraph 4 of the will. By that paragraph, upon the death or re-marriage of Delia Ryan the property is devised to four named parties, "if they be living at the death or marriage of my wife," with an alternative provision if they are not then living. Giving due effect to this language, under the above definitions the remainders here are clearly contingent, because by no possibility whatever could

the condition upon which they are limited be met until after the termination of Delia Ryan's life estate. Survivorship after the death or re-marriage of Delia Ryan is as clearly a condition precedent as though express words of survivorship had been employed.

The question of remainders conditioned upon survivorship is discussed by Gray in "The Rule against Perpetuities." The author suggests that there are reasons why such remainders should always be held contingent, and, on the other hand, that there are reasons why they should always be held to be vested. After discussing the New York statutory definition of vested and contingent remainders, together with the comment of Chancellor Kent thereon, and pointing out the confusion that has resulted therefrom in a number of States, the author says: "Neither of these views is that of the common law. Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of or into the gift to the remainderman then the remainder is contingent, but if, after words giving a vested interest, a clause is added divesting it the remainder is vested. Thus, on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death; but on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent." (Gray's Rule against Perpetuities,—3d ed.—secs. 104-108.) This court thus stated the same view in *Ortgiesen* v. *Ackerman,* 311 Ill. 492: "If a devise is by its terms to a person for life with remainder to his children, with provision that if any of the children die without issue the children surviving at the death of the testator shall take the share of such deceased children, the remainder is vested. (*Smith* v. *Chester,* 272 Ill. 428.) If, however, the conditional element is incorporated into the description of or into the gift to the remaindermen, as

where a devise of the remainder is to such children as survive the life tenant, the remainder is contingent. If the persons to take the remainder are to be ascertained at the termination of the life estate the remainder is contingent." It is further stated by Kales: "Perhaps the commonest example of a contingent remainder is where, after a life estate, an interest is limited to individuals or to a class provided they survive the life tenant." (Kales on Estates and Future Interests, sec. 309.) That this is the law in Illinois is established by many decisions. *Department of Public Works* v. *Porter*, 327 Ill. 28; *Biwer* v. *Martin*, 294 id. 488; *Kamerer* v. *Kamerer*, 281 id. 587; *Blakeley* v. *Mansfield*, 274 id. 133; *Messer* v. *Baldwin*, 262 id. 48; *Barr* v. *Gardner*, 259 id. 256; *Belding* v. *Parsons*, 258 id. 422; *Phayer* v. *Kennedy*, 169 id. 360; *Temple* v. *Scott*, 143 id. 290; *Mittel* v. *Karl*, 133 id. 65.

Appellants urge that much allowance should be made for the inability and failure of the testator, through ignorance and carelessness, to express his real meaning by the correct use of language, and that when the whole scope of the will is considered the remainders must be held to have been vested in fee. However, the intention which is to be sought for in the construction of a will is not what may by inference be presumed to have been in the mind of the testator, but that which is expressed by the language of the will. (*Hollenbaugh* v. *Smith*, 296 Ill. 558; *Engelthaler* v. *Engelthaler*, 196 id. 230.) Whether a remainder is vested or contingent depends, as stated in the words of Professor Gray above quoted, upon the language employed in creating it. The conclusiveness of the language, when it comes to making such determination, is recognized in *Ortgiesen* v. *Ackerman, supra.* The language employed in paragraph 4 clearly purports to set up for certain individuals certain remainders. The testator then proceeds farther and by appropriate disjunctive language purports to set up certain alternative remainders in the event that all or any of the

remainders in the first group should fail. The language employed to set up the first group of remainders is both appropriate and effective for that purpose and by settled authority the remainders which it creates are contingent ones. The focal point of all provisions of the paragraph is, as a matter of fact, found in the words, "if they be living at the death or marriage of my wife." To hold that remainders arising out of this paragraph are vested would involve disregarding the plain meaning of these words. The death of Michael T. Ryan and Margaret Byrne has rendered impossible a compliance with the condition precedent in the devise of the contingent remainders to them. The estates of James P. Ryan and Helen Ryan Beshk will become vested only if they survive the death or re-marriage of Delia Ryan.

So far as the alternative provision of paragraph 4 is concerned, as suggested by appellants, it appears from the language employed that it was the testator's intention to set up trusts under which the executor or administrator, as the case might be, of any deceased devisee, might take title in fee and apply the estate as if it were a part of the estate of such devisee. This being so, the remainders which it was thus attempted to create are governed by the decision in *Johnson* v. *Preston,* 226 Ill. 447. In that case the testatrix devised to a named executor certain real estate to hold for the period of twenty-five years from the date of probate of the will for the use and benefit of named grand-sons, the fee to vest in said grand-sons or their heirs absolutely at the end of such twenty-five-year period. The court said: "It is clear from the language of the will itself, that whatever interest the executor took under it could not vest in him until the probate of the will, and while this event would, in the ordinary and usual course of events, probably occur within a few months, or, at most, a few years, after the death of the testatrix, yet it cannot be said that it is a condition that must inevitably happen within

twenty-one years from the death of the testatrix. Since a bare possibility that the condition upon which the estate is to vest may not happen within the prescribed limits is all that is necessary to bring the devise in conflict with the rule, we see no escape from the conclusion that the devise to the executor offends the rule against perpetuities and is therefore void." In commenting upon this case in *Barrett* v. *Barrett,* 255 Ill. 332, this court said: "The court held that the devise to the executor to hold for twenty-five years from the date of the probate of the will introduced a certain contingency and violated the rule against perpetuities, and that therefore the entire devise to the executor of the real estate was void. * * * The entire trust was held void and the estate intestate." In the present case there are not, and by the very nature of the case there cannot be, named trustees, and there is the same possibility that letters testamentary, under which trustees would qualify by description as executors or administrators, as the case might be, would not issue within the period of twenty-one years from the death of those designated as devisees by paragraph 4.

The decree is proper in holding that upon failure of the contingency as to any fourth of the remainder created by paragraph 4 of the will that fourth falls into the residue and passes to Delia Ryan by virtue of the residuary clause. *Hollenbeck* v. *Smith,* 231 Ill. 484.

The decree of the circuit court of Cook county is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*

Mr. CHIEF JUSTICE FARMER, dissenting.