JEANETTE MILLER, Plaintiff-Appellee, *v.* EMMA O'NEIL *et al.*, Defendants-Appellants.

Second District (1st Division) No. 76-50

Opinion filed April 7, 1977.

James G. Madden and John Korf, both of Freeport, for appellants.

Kroeger, Burt & DeMik, of Freeport, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Jeanette Miller, the widow of Frederick S. Miller, grandson of Ira Miller, filed the instant declaratory judgment action to construe the will of Ira Miller. The trial court granted plaintiff's motion for judgment on the pleadings and held that part of the will was void and that Ira Miller devised to the grandson, Frederick S. Miller, a fee simple remainder in the real estate involved herein. The defendants, devisees of a portion of the real estate under the will of Floyd Miller appeal.

Ira Miller died March 25, 1939, leaving him surviving Nettie E. Miller, his wife, Floyd Miller, son, and Frederick S. Miller, a grandson. Nettie E. Miller died April 10, 1948, leaving her surviving Floyd Miller as her only heir. Frederick S. Miller, the grandson of Ira, died June 9, 1971, predeceasing his father Floyd who subsequently died on October 13, 1971. Floyd Miller also left a will in which he devised 80 acres of the farm in question to Janice Okey, the daughter of Frederick. The remaining acres were devised by Floyd to Emma O'Neil for her lifetime with the remainder equally to the Freeport Memorial Hospital and the Lena Continental Manor Nursing Home., Inc.

Most of the provision of Ira Miller's will in question was handwritten with no regard for conventional punctuation, although the record does not reveal by whom. As nearly as may be reproduced in typewritten form it is as follows:

> "SECOND—After the payment of such funeral expenses and just debts, I give, devise and bequeath To my wife Nettie E Miller all of my real estate and personal property consisting of Bond's, note's and all money in bank and my interest in live stock and machinery on farm and farm consisting of One hundred and twenty acres in Harlem Township and Five acres of timber land in Loran Township and after her death said property to be bequeathed to my son Floyd Miller The old homestead is not to be sold and after Floyd's death is to be the property of Frederick S. Miller son of Floyd Miller The said Nettie E. Miller is to serve as Executrix of said will without bond's"

Both parties claim interests in the 120-acre farm which Ira Miller owned at the time of his death. The plaintiff claims the entire 120 acres while defendants claim a 40-acre parcel which is separated by a road from the remaining 80 acres.

■■ In construing wills the trial court is required to ascertain and give effect to the intent of the testator, and the issue on appeal in such cases is whether the trial court's construction truly accomplished that objective. (*In re Estate of Hayden* (1974), 23 Ill. App. 3d 242, 318 N.E.2d 668.) It has also been stated that in a case in which all parties have asked the court to construe a will,

> "\* \* \* it is therefore the duty of the court to construe the will in such manner as may be found to be correct and proper notwithstanding the construction contended for by either party."
> *Gridley v. Gridley* (1948), 399 Ill. 215, 221, 77 N.E.2d 146, 150.

With these principles in mind, we turn first to the finding of the trial court that the portion of Ira Miller's will which reads "The old homestead is not to be sold" was void. The trial court based this conclusion upon its reading of the opinion in *Whitmore v. Starks* (1959), 17 Ill. 2d 202, 161 N.E.2d 254. The provision which was held to be void in *Whitmore* was a gift of a remainder interest in a certain piece of property "for a home not to be sold." It is clear that the restriction sought to be imposed by the testatrix in *Whitmore* was upon the holders of the remainder interest. It is also to be noted that the court in *Whitmore* interpreted the will as disposing of all of the testatrix' interest in the piece of property in question. That being so, the remainder was in fee simple and the attempted restriction upon that interest was void.

■■ ■ We must, therefore, determine what interests each of the named devisees took under the will of Ira Miller. The parties before us all

seem to agree that Nettie E. Miller, the wife of Ira, took a life estate under the will. This is so because, after the gift to Nettie appear the following words:

> "and after her death said property to be bequeathed to my son Floyd Miller."

It is well recognized in this state that a devise over at the death of the first named taker is sufficient to create only a life estate in the first such person. (See, *e.g., Scott v. Crumbaugh* (1943), 383 Ill. 144, 48 N.E.2d 532; *Hoge v. Hoge* (1959), 17 Ill. 2d 209, 161 N.E.2d 117.) This principle applies to subsequent gifts also. *Hoge v. Hoge.*) Thus, the next portion of the will reading, "* * * The old homestead is not to be sold and after Floyd's death is to be the property of Frederick S. Miller," was sufficient to make the gift to Floyd a life estate in whatever property constituted "the old homestead." As to the remaining property, exclusive of the "homestead," Floyd had a remainder in fee simple following the life estate of his mother because the gift of "said property" to him referred back to the previous gift of "all" of Ira's real estate and personal property. It has been recognized that any uncertainty in the language used to describe the property to be included in the gift over of the remainder does not affect the limitation imposed upon the estate of the prior taker. (*Scott v. Crumbaugh.*) Thus, we hold that it was the intention of Ira Miller to give his grandson, Frederick, a remainder in fee simple in whatever property constituted "the old homestead."

■■ That does not, however, mean that the restriction imposed in this will is the same as that in *Whitmore*. We note that the provision to the effect that the homestead is not to be sold appears before the gift over to Frederick. Our reading of the entire will convinces us that by including that language in that position, Ira intended to impose a restriction upon Nettie and Floyd that they were not to sell the homestead. If Ira had intended to impose the restriction upon Frederick, we believe that he would have done so in a manner similar to that used by the testatrix in *Whitmore*. Thus, there was no void restriction upon the remainder given to Frederick.

There remains, however, the question of whether the restriction sought to be imposed upon the life estates of Nettie and Floyd was valid. It is well recognized in Illinois that an absolute restraint on the power of alienation of a life estate is void. (*Department of Public Works & Buildings v. Porter* (1927), 327 Ill. 28, 158 N.E. 366; *Gray v. Shinn* (1920), 293 Ill. 573, 127 N.E. 755.) It is equally well recognized, however, that when a will is susceptible of either of two constructions, one of which would render it valid and the other of which would render it void, the court will adopt the construction which will render the will valid, if such can be done without doing violence to the intention of the testator. *Leary*

344

*v. Kerber* (1912), 255 Ill. 433, 99 N.E. 662; *Heisen v. Ellis* (1910), 247 Ill. 418, 93 N.E. 362; *Joslin v. Ashelford* (1961), 29 Ill. App. 2d 202, 172 N.E.2d 806.

■■■ In the will before us Ira used the words "the old homestead is not to be sold." In ordinary common parlance, this sort of statement is understood to mean that the particular item or object is not to be conveyed away to some third person. Thus it seems that Ira was trying to insure that Frederick would get the homestead by making it clear that neither Nettie nor Floyd had the power to convey the homestead itself, in other words, the fee interest in it, to anyone. The power to convey a fee is, of course, not within the normal powers of a life tenant. (See *Beasley v. Beasley* (1949), 404 Ill. 225, 88 N.E.2d 435; *Weigel v. Green* (1905), 218 Ill. 227, 75 N.E. 913.) Thus it might be argued that this interpretation renders the restriction in question mere surplusage. The only other possible interpretation, however, is that this was intended to mean Nettie and Floyd had no power to convey away their own life estates which would, of course, be void as a restraint on alienation. (*Department of Public Works & Buildings v. Porter; Gray v. Shinn.*) This is to be avoided if possible (*Leary v. Kerber; Heisen v. Ellis; Joslin v. Ashelford*); but further we believe it is a less reasonable interpretation than the one we here adopt. We note that Ira did not attempt to restrain the sale of anyone's "interest" or "estate" in the homestead but merely to restrain sale of the homestead itself. We do not believe that Ira was concerned with whether or not Nettie and Floyd actually used their life estates or allowed someone else to enjoy them so long as the real estate itself remained intact for Frederick. Thus we interpret the alleged restraint to be a statement that the interest given to Nettie and Floyd did not include the power to convey a fee. This further supports our holding that the interests so given were mere life estates.

■■ Having thus concluded that the trial court erred in holding the provision concerning sale of the homestead void, we now turn to the question of whether that error affected the ultimate decision of the trial court. In examining the order entered by the trial court, we find that the last paragraph of the findings reads:

> "By *deleting* the void provision referred to above, said will gives a life estate in the 120 acre farm to Nettie Miller followed by a life estate in Floyd Miller with a vested remainder in Frederick S. Miller." (Emphasis added.)

In further examining the transcript of the hearing at which the trial court announced its decision in the case, the court referred to striking out the provision concerning the sale of the homestead and then moving up the next clause consisting of the gift over to Frederick. These matters make it clear to us that the trial court effectively excised the provision which it

held void from the will, and gave it no consideration whatsoever in reaching its decision. This, of course, was error because the provision was valid and must be considered just as any other provision in the will in determining the intent of Ira Miller. (See, *e.g., Whitmore v. Starks; Hoge v. Hoge.*) Because the trial court failed to consider the meaning of the provision in question, the case must be reversed and remanded to determine the meaning of the words "the old homestead" and what property was thereby devised to Frederick.

■■ On this appeal the parties have also made an issue out of a stipulation of facts which was filed on the same day that the trial in this case was to have begun, and on which the court announced its ruling on plaintiff's oral motion for judgment on the pleadings. The parties argue over whether the court considered this stipulation in reaching its decision and whether ignoring it constituted reversible error in view of the fact that most, if not all, of the matters contained therein were before the court by virtue of the pleadings in the case. Stated briefly, the stipulation contained the facts concerning the history of the title to the 120-acre farm, including a record of conveyances out of 40 acres thereof, which were later reacquired partly by Ira Miller and partly by his father, Jonas, and further facts concerning the deaths of all of the devisees of Ira Miller and the dispositions made by those persons of their respective estates. We need not rule at this point on the issue concerning whether or not the stipulation was considered by the court in reaching its decision. Sufficeth to say that the parties stipulated to these matters and they should be considered on remand. This is especially true of the facts concerning the history of the title to the property which were matters of public record. Since Ira Miller himself was involved in some of the transactions, he had actual knowledge thereof, which was relevant in determining his intent at the time he executed his will.

■■ We do not, however, wish to be understood as agreeing with the statement in defendant's brief that "The only admissible evidence in this case is documentary and was stipulated to by all parties." We must note that Ira Miller is not the first testator to include a gift of a "homestead" in his will, although the subject matter thus devised has varied in relation to the particular circumstances presented in the case at hand. (Compare *Smith v. Dennis* (1896), 163 Ill. 631, 45 N.E. 267, with *Kennedy v. Kennedy* (1883), 105 Ill. 350.) It has also been stated:

> "While parol evidence is not admissible to show what a testator intended to write, it may be admitted where its effect is merely to explain or make certain what he has written. In ascertaining the testator's intention the words of the will are to be read in the light of the circumstances under which the will was made, and to that end the court may put itself in the place of the testator for the

purpose of determining the objects of the testator's bounty or the property which is the subject of disposition." *Norton v. Jordan* (1935), 360 Ill. 419, 427, 196 N.E. 475, 479.

The record herein indicates that at some point the plaintiff made an offer of proof concerning depositions which the trial court ruled contained matters too remote in time from the drafting of the will to be material or relevant. That particular offer of proof and the contents of those depositions were not made a part of the record on this appeal and we therefore are unable to rule at this point on whether that matter was properly excluded. Similarly, we note that the pleadings of the parties put in issue what, if any, use was made of the 120-acre farm by Ira Miller during his lifetime, and the stipulation previously referred to did not resolve that matter. Thus, it may well be that there is certain evidence concerning the meaning of the words "the old homestead," available to the parties herein which they may desire to present for the consideration of the court on remand. They should be free to do so, and the court should rule upon any objections to the offered evidence at that time.

Having heretofore considered all of the issues raised which are necessary to dispose of this appeal, the judgment of the circuit court of Stephenson County is reversed and the cause is remanded for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.